UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO MARTINEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> A. HEDGEPHED, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | Case No. CV 12-3824-JEM <br><br> MEMORANDUM OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION |

### **PROCEEDINGS**

On May 2, 2012, Raymundo Martinez ("Petitioner") filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.[1] On June 26, 2012, Respondent filed a Motion to Dismiss this action as untimely. Petitioner did not file an Opposition. The matter is now ready for decision.

---

[1] Petitioner is not entitled to the benefit of the "mailbox rule" because Petitioner verified and filed all of his habeas petitions several years after the statute of limitations expired. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the mailbox rule, a prisoner must (1) be proceeding without assistance of counsel, and (2) "must deliver the petition to prison authorities for forwarding to the court within the limitations period").

# BACKGROUND

Petitioner was convicted by a jury in Los Angeles County Superior Court case number BA201733 of two counts of second degree robbery (Cal. Penal Code § 211; counts 1-2). The jury found true the allegation that a principal used a firearm during the commission of the offenses (Cal. Penal Code § 12022(a)(1)), and the court, following Petitioner's admissions, found true the allegations that Petitioner suffered a prior serious or violent felony conviction within the meaning of California's Three Strikes Law (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)), and suffered a prior serious felony conviction within the meaning of Cal. Penal Code § 667(a). On October 17, 2000, the trial court sentenced Petitioner to sixteen years in state prison. (Respondent's Lodged Document ("LD") 1.)

Petitioner appealed, and the California Court of Appeal affirmed his conviction on August 17, 2001, but remanded the matter for a new trial on the prior conviction allegations and for resentencing. (LD 2.)

On January 24, 2002, following a court trial on the prior conviction allegations, the trial court found true the prior conviction allegations and resentenced Petitioner to sixteen years in state prison. (LD 3; LD 4.)

On June 25, 2009, Petitioner filed a "Motion for Modification of Sentence" in the Los Angeles County Superior Court. (LD 5.) The court construed the motion as a habeas petition and denied it on several procedural grounds, including untimeliness, on July 23, 2009. (LD 6.)

On August 17, 2009, Petitioner filed a "Motion for Reconsideration" of his habeas petition in the Superior Court (LD 7), which was construed as a second habeas petition and denied on August 19, 2009. (LD 8.)

On October 5, 2009, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on February 5, 2010. (LD 9.)

On April 19, 2010, Petitioner filed a third habeas petition, and on April 23, 2010, filed a fourth habeas petition in the Superior Court. (LD 10.) The Superior Court denied both petitions on May 7, 2010. (LD 11.)

On June 1, 2010, Petitioner filed a fifth habeas corpus petition in the Superior Court, entitled "Motion for Reconsideration of Habeas Corpus" (LD 12), which was denied on June 14, 2010. (LD 13.)

On July 6, 2010, Petitioner filed a second habeas petition in the California Court of Appeal (LD 14), which was denied on August 4, 2010. (LD 15.)

On October 22, 2010, Petitioner filed a habeas petition in the California Supreme Court (LD 16), which was denied on May 11, 2011. (LD 17.)

On May 2, 2012, Petitioner filed the instant Petition.

## DISCUSSION

### I.  The Applicable Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. § 2244 to provide a one-year statute of limitations governing habeas petitions filed by state prisoners:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Most federal habeas petitions challenging state court convictions are governed by 28 U.S.C. § 2244(d)(1)(A), which allows a petitioner one year from the date his conviction becomes final to file his federal habeas petition. There is nothing before the Court to indicate that 28 U.S.C. § 2244(d)(1)(B)-(D) would apply and trigger a later start date for the limitations period.

Petitioner was resentenced on January 24, 2002. (LD 3; LD 4.) He did not appeal. Thus, his judgment became final on March 25, 2002, sixty days after resentencing when his time to file an appeal expired. See Cal. R. Ct. 8.308(a); Burton v. Stewart, 549 U.S. 147, 156-57 (2007) (final judgment in a criminal case occurs when sentence is pronounced; thus, where a defendant is resentenced, the state judgment becomes final at the conclusion of direct review or the expiration of the time to seek review from the resentencing).

Accordingly, pursuant to § 2244(d)(1)(A), the limitations period began to run when Petitioner's conviction became final on March 25, 2002, sixty days after resentencing. The statute of limitations began to run the next day and was set to expire one year later, on March 25, 2003. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). The Petition was filed on May 2, 2012, more than nine years after the statute of limitations expired. Accordingly, absent sufficient tolling, the Petition is untimely.

**II.     Tolling**

Petitioner has the burden of demonstrating that he is eligible for statutory or equitable tolling of the statute of limitations. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (overruled on other grounds by Pace); Hinton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993). For the reasons discussed below, the Court finds that Petitioner has not met his burden of showing that he is entitled to tolling, and the Petition is untimely.

4

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review." The statute of limitations is not tolled between the time the petitioner's conviction becomes final on direct review and the time the next state collateral challenge is filed because there is no case "pending" during that time. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). A petitioner also is not entitled to statutory tolling for a state court petition that is filed after the one-year limitations period already has expired. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (filing a state habeas petition after the AEDPA statute of limitations had expired "resulted in an absolute time bar").

Petitioner did not file his first application for collateral relief until June 25, 2009, more than six years after the statute of limitations had expired on March 25, 2003. Accordingly, Petitioner is not entitled to any period of statutory tolling.

### B. Equitable Tolling

A petitioner is entitled to equitable tolling of the statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418). A petitioner is required to have acted with "reasonable diligence," rather than "maximum feasible diligence." Id. at 2565. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner must show that the alleged "extraordinary circumstances" were the "'cause of [the] untimeliness.'" Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (brackets in original; quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). The threshold necessary to trigger equitable tolling "is very high, lest the exceptions swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (citations and internal quotations omitted). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose

of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003)).

Here, the record is devoid of any "extraordinary circumstances" that would support a finding of equitable tolling.

### III. Conclusion

Petitioner's conviction became final on March 25, 2002. The statute of limitations began to run the next day and expired on March 25, 2003. Petitioner is not entitled to statutory or equitable tolling. At the time Petitioner filed the Petition on May 2, 2012, the statute of limitations had expired. Accordingly, this action should be dismissed as untimely.

### ORDER

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss the Petition as untimely be GRANTED, and that Judgment be entered dismissing this action with prejudice.

**IT IS SO ORDERED.**

DATED: October 15, 2012           */s/ John E. McDermott*
                                   JOHN E. MCDERMOTT
                                   UNITED STATES MAGISTRATE JUDGE